# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARMAND COOK,**

        **Plaintiff,**

**v.**                                                **Case No: 6:22-cv-1557-PGB-EJK**

**JAMES FEUERSTEIN,**

        **Defendant.**

## ORDER

This cause comes before the Court on *Pro Se* Plaintiff's Motion for Entry of Default Judgment, which the Court construes as a Motion for Entry of Clerk's Default (the "Motion"), filed June 26, 2023. (Doc. 22.) Upon consideration, the Motion is due to be denied without prejudice.

**I.  BACKGROUND**

Plaintiff filed a Complaint on August 29, 2022. (Doc. 1.) Due to pleading deficiencies, the undersigned issued a Report & Recommendation ("R&R") on March 28, 2023, recommending that Plaintiff be given an opportunity to amend his Complaint. (Doc. 16.) The Court adopted the R&R, and Plaintiff filed his Amended Complaint on April 11, 2023. (Docs. 18, 20.) Plaintiff's operative Amended Complaint names one Defendant, James F. Feuerstein, III, and alleges that Defendant, who was at one point Plaintiff's attorney in a criminal proceeding, violated Plaintiff's rights to a speedy trial and was ineffective in his counsel. (Doc. 18.) Plaintiff attempted to serve Defendant with a summons and the Amended Complaint by certified mail via USPS.

(Doc. 22 at 1.) Plaintiff now moves for entry of a clerk's default because Defendant has not appeared in the case to date. (*Id.*)

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A). Florida law requires service of process on an individual by:

> delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a).

Here, Defendant has not been served by any of the above enumerated methods. Rather, Plaintiff has attempted to serve Defendant by mail. (Doc. 21.) This is not a sufficient method of service under the Federal Rules of Civil Procedure or Florida statutes. Therefore, the Court finds that service of process has not yet been perfected on Defendant.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** that:

1. *Pro Se* Plaintiff's Motion for Entry of Default Judgment, which the Court construes as a Motion for Entry of Clerk's Default, (Doc. 22) is **DENIED WITHOUT PREJUDICE**.

2. On or before **September 22, 2023**, Plaintiff shall: (1) re-serve Defendant, and (2) file proof of service with the Court. **If Plaintiff fails to timely comply with this deadline, Plaintiff risks dismissal of his case for lack of prosecution.**

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE