UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ARMAND COOK,**

        **Plaintiff,**

v.                                       **Case No: 6:22-cv-1557-PGB-EJK**

**JAMES FEUERSTEIN,**

        **Defendant.**

## ORDER

This cause comes before the Court on *Pro Se* Plaintiff's Motion for Clerk's Default Against Defendant James Feuerstein (Doc. 26), filed January 3, 2024.

### I.     BACKGROUND

Plaintiff filed an Amended Complaint against Defendant on April 11, 2023. (Doc. 18.) On September 13, 2023, the Summons and the Amended Complaint were personally served on Defendant at his residence. (Doc. 24; *see also* Doc. 28.) Plaintiff now seeks entry of a clerk's default against Defendant for his failure to appear in this case. (Doc. 26.)

### II.    STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the

defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." See Kelly v. Florida, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III. DICUSSION

Under the Federal Rules of Civil Procedure, an individual defendant may be served by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or doing any of the following: delivering a copy of the summons and of the complaint to the individually personally; leaving a copy of each at the individual's dwelling or usual abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2)(A–C).

According to the Proof of Service Affidavit, Defendant was personally served on September 13, 2023, at his residence. (Doc. 24; *see also* Doc. 28.) Therefore, as Defendant was properly served in compliance with the Federal Rules of Civil Procedure and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. *Pro Se* Plaintiff's Motion for Clerk's Default Against Defendant James Feuerstein (Doc. 26) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant.

3. Plaintiff shall file a motion for default judgment within 35 days after entry of a default. *See* Local Rule 1.10(c). The motion must address: (1) how the factual allegations in the Amended Complaint, when applied to the law for each element of each cause of action, prove that Plaintiff is entitled to judgment against Defendant for the particular claim, (2) the Court's jurisdiction (both personal and subject matter) over the matter, (3) and proof of Plaintiff's damages.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE