UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ARMAND COOK,**

        **Plaintiff,**

v.                                       **Case No: 6:22-cv-1557-PGB-UAM**

**JAMES FEUERSTEIN,**

        **Defendant.**
_____/

**<u>ORDER</u>**

This cause comes before the Court upon Plaintiff Armand Cook's ("**Plaintiff**") Amended Motion for Default Judgment against Defendant James F. Feurerstein ("**Defendant**"). (Doc. 33 (the "**Motion**")). Magistrate Judge Embry J. Kidd submitted a Report (Doc. 35 (the "**Report**")) recommending that the Court deny the Motion and dismiss Plaintiff's Amended Complaint (Doc. 18). Plaintiff filed an Objection to the Report. (Doc. 36 (the "**Objection**")).

**I.   BACKGROUND**

Plaintiff initiated this 42 U.S.C. § 1983 action on August 29, 2022. (Doc. 1). Ultimately, an Amended Complaint was filed on April 11, 2023. (Doc. 18). Therein, Plaintiff alleges that Defendant, who acted as Plaintiff's defense attorney in a state court criminal matter, violated his constitutional rights through the representation. (*Id.* at p. 1). On February 8, 2024, Plaintiff obtained a Clerk's entry of default against Defendant. (Doc. 31). Plaintiff subsequently filed the instant

Motion, wherein Plaintiff asks the Court to enter a default judgment in his favor against Defendant. (Doc. 33). Thereafter, Magistrate Judge Kidd issued the Report recommending that the Court deny the Motion and dismiss the Amended Complaint. (Doc. 35). Plaintiff then filed his Objection (Doc. 36).

## II.  LEGAL STANDARD

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

A party may serve written objections to the magistrate judge's findings and recommendations and "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(3); *see also* 28 U.S.C. § 636(b)(1). However, in order to be proper, such objections must be "specific." FED. R. CIV. P. 72(2); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (emphasizing that "a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party

---

[1] The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

disagrees with.") (citation omitted).[2] Accordingly, "[f]rivolous, conclusive, or general objections need not be considered by the district court."[3] *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III. DISCUSSION

Upon an independent *de novo* review of the record, the Court agrees with the analysis and conclusions set forth in the Report, including Magistrate Judge Kidd's conclusion that Defendant was not acting under color of law when he represented Plaintiff in the underlying state court action. (Doc. 35, pp. 5–6); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). This finding alone warrants dismissal of the instant action. *See Dodson*, 454 U.S. at 325. Further, although the Court has carefully reviewed the grounds stated in the Objection, these grounds do not provide an adequate basis for the Court to overrule the Report. (*See* Doc. 36). Specifically, the Objection is conclusive and general in nature and does not provide any argument or authority to support that Defendant was acting under color of law when Defendant served as Plaintiff's attorney. (*See generally id.*); FED. R. CIV. P. 72(2); *Leatherwood*, 384 F. App'x at 857.

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[3] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

3

## IV. CONCLUSION

As a result of the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 36) is **OVERRULED**;

2. The Report and Recommendation (Doc. 35), filed November 8, 2024, is **ADOPTED** and **CONFIRMED** and made a part of this Order;

3. Plaintiff's Amended Motion for Default Judgment (Doc. 33) is **DENIED**;

4. Plaintiff's Amended Complaint (Doc. 18) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted; and

5. The Clerk of Court is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on January 14, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties